IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEN EPPS, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 07-02314 |
| v. | : | |
| 1.I.L., INC., d/b/a INDEPENDENT LAKE CAMP, | : | |
| Defendant. | : | |

Giles, J.                                                                                                              December 19, 2007

## MEMORANDUM

### I.  Introduction

    Before the court is Defendant 1.I.L., Inc.'s Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  Plaintiffs, Bens Epps and Amy Monroe, as parents and natural guardians of Axel Epps and in their own right, bring suit based in diversity jurisdiction, 28 U.S.C. § 1332, against Defendant 1.I.L. Inc. for personal injuries allegedly sustained by their son, Axel, while attending Defendant's camp.

    The primary issue raised by Defendant's motion and determined by the court is whether the forum selection clause in the Registration Agreement at issue is valid and enforceable.  The court finds that the forum selection clause contained in the signed Registration Agreement is not enforceable because it does not provide reasonable notice of its terms.  The court concludes that Plaintiffs have brought suit in a proper venue and denies Defendant's motion to dismiss for the reasons that follow.

## II.  Factual Background

Plaintiffs allege that on June 24, 2005, their son, Axel, fell from a bike and was seriously injured while attending Defendant's Independant Lake Camp located in Orson, Wayne County, Pennsylvania.  (Pls.' Compl. ¶ 6.)  Plaintiffs allege that Axel's accident was caused by Defendant's negligence while Defendant was acting in loco parentis.  (Pls.' Compl. ¶ 7.)  Specifically, Plaintiffs allege that Defendant: 1) failed to provide proper supervision and safeguards; 2) gave Axel a bike, helmet, and other equipment without properly training him to use them; 3) allowed Axel to use a bike track, which was inappropriate for his age and experience; and 4) failed to obtain parental consent for its actions.  (Pls.' Compl. ¶ 8.)

Plaintiffs further allege that Axel suffered serious and permanent physical injuries, including permanent cognitive and psychological damage, several fractures, lacerations resulting in scarring, cervical and lumbar sprain, and a shock to his nervous system.  (Pls.' Compl. ¶ 9.)  Plaintiffs also claim that Axel's injuries include severe financial losses in the form of future costs of treatment and therapy, loss of earnings, and loss of earning capacity.

Plaintiffs, citizens of New York, brought suit in the Eastern District of Pennsylvania because Defendant is a citizen of Pennsylvania with offices in both Montgomery County and Wayne County.  (Pls.' Compl. ¶ 1-4; Pls.' Br. in Supp. of Ans. to Mot. of Def. to Dismiss for Improper Venue ("Pls.' Supp. Ans.") 1; Def.'s Br. in Supp. of Mot. to Dismiss for Improper Venue ("Def.'s Supp.") 1, 5.)  Plaintiffs demand damages in excess of $150,000 for each of the two counts in the complaint as well as interest and costs of the suit.

### III.  Procedural History

Plaintiffs filed their Complaint on June 7, 2007.  Defendant brought its motion to dismiss for improper venue alleging that the Registration Agreement, which Plaintiffs had to sign for Axel to attend camp, contained a forum selection clause.  (Def.'s Mot. to Dismiss 2.)  Defendant attached a blank, unsigned version of the Independent Lake Camp Registration 2005 ("Registration Agreement") to its motion to dismiss.  (Def.'s Mot. to Dismiss, Ex. A.)  Defendant alleges that under the Registration Agreement, the proper forum would be a court in Wayne County, which is located in the Middle District of Pennsylvania.  (Def.'s Mot. to Dismiss, Ex. A.)  The blank Registration Agreement, in which the print is small but clear and legible, provides in part:

> It is agreed that any dispute or cause of action arising between the parties, whether out of this agreement or other wise [sic], can only be brought in a court of competent jurisdiction located in Wayne County Pennsylvania [sic] and shall be construed in accordance with the laws of Pennsylvania.

(Def.'s Mot. to Dismiss, Ex. A.)

In Plaintiffs' response to Defendant's motion to dismiss, Plaintiffs argued that the blank Registration Agreement was unsigned and thus that Defendant failed to show that Plaintiffs had agreed to the terms in the document, including the forum selection clause.  Plaintiffs averred by affidavit that they did not agree and would not have agreed to such a forum selection clause.  (Pls.' Supp. Ans. 2, Ex. B ¶¶ 2-3 (Ben Epps Aff.), Ex. C ¶¶ 2-3 (Amy Monroe Aff.).)

Defendant then provided a signed copy of the Registration Agreement, in which the information requested had been filled in and which was signed by Plaintiff Ben Epps.  Defendant submitted an affidavit by Daniel Gould, the president of Defendant and Director of Independent

Lake Camp.  Mr. Gould avers that, after an exhaustive and diligent search, Defendant could only locate a photocopy of the signed Registration Agreement and was unable to locate the original. (Gould Aff. ¶¶ 5, 7-10.)  He avers that the original agreement is presumed lost and/or destroyed through no bad faith or improper act on the part of Defendant.  (Gould Aff. ¶ 10.)  The photocopy of the agreement provided to the court also appears to be a faxed copy, as evident from a fax header across the top margin. (Gould Aff. Ex. A (Signed Registration Agreement).)

In the copy of the signed Registration Agreement submitted by Defendant, the small print containing the terms of the agreement is blurry and barely legible.  As Defendant concedes, the right-side margin, toward the bottom, is cut off, truncating the forum selection clause.  (Gould Aff. ¶ 6, Ex. A.)  Consequently, if the print were clearly legible, when compared with the clear, blank version of the agreement, the forum selection clause would read:

> It is agree [sic] any dispute or cause of action arising between the parties, whether out of this agreement or other wise [sic], can only be brought in a court of competent jurisdiction located in V [or three-quarters of a W] County Pennsylvania [sic] and shall be construed in accordance with the laws of Pennsylvania.

(Gould Aff. Ex. A.)  Thus, if legible, most or all of the letters in the word "Wayne," as in "Wayne County Pennsylvania," are missing. (Gould Aff. ¶ 6, Ex. A.)

In Plaintiffs' reply to Defendant's affidavit, Plaintiffs do not dispute that Plaintiff Ben Epps' signature appears on the copy of the Registration Agreement.  Nor do Plaintiffs argue that the entire agreement itself is invalid.  (Compare Pls.' Supp. Ans. 2-3 (arguing, before Defendant's production of a signed agreement, that the Registration Agreement was not enforceable because there was no objective manifestation of the parties' intention to be contractually bound), with Pls.' Reply to Def.'s Aff. 1 (arguing, after Defendant's production of a

signed Registration Agreement, that there was no meeting of the minds as to the forum selection clause because the wording of the clause was truncated and indiscernible).)  Thus, the issue determined by the court is the enforceability of the forum selection clause.

### III.  Discussion

Federal law applies in the determination of the effect given to a forum selection clause in diversity cases.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) (quoting Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990)).  To evaluate the enforceability of the forum selection clause here, the court determines if the standard for dismissal or transfer is proper.[1]  See id. at 877-78.  If the standard for transfer applies, the court then determines if the forum selection clause is reasonable.  See id. at 880 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972)).

**A.     Dismissal or Transfer under 28 U.S.C. § 1404(a) or 1406.**

Although dismissal is a "permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum," the Third Circuit cautions that "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-

---

[1] Prior to Defendant's production of a signed Registration Agreement, Plaintiffs argued that the forum selection clause should not be enforced because it did not meet the standard of reasonable communicativeness, as set forth in Marek v. Marpan Two, Inc., 817 F.2d 242, 245 (3d Cir. 1987), due to the agreement's small print.  Marek applies primarily in cases involving maritime law.  See, e.g., Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 130 (3d Cir. 2002); Hodes v. S.N.C. Achille Lauro ed Altri-Gestione, 858 F.2d 905, 906, 909-12 (3d Cir. 1988).  As discussed below, the court follows more recent Third Circuit precedent on the enforceability of forum selection clauses.

unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298-99 (3d Cir. 2001); see Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28-29, 32 (1988) (holding that a federal court sitting in diversity jurisdiction should treat a request to enforce a forum selection clause in a contract as a motion to transfer venue under applicable federal law, 28 U.S.C. § 1404(a)); 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (2d ed. 1986 & Supp. 2006).

Transfer, however, is not available when a forum selection clause specifies a non-federal forum. Salovaara, 246 F.3d at 298. The forum selection clause in the Registration Agreement, if valid and untruncated, would provide that "any dispute . . . can only be brought in a court of competent jurisdiction located in Wayne County Pennsylvania" and does not limit jurisdiction to state court. The provision's plain language is construed to permit the action in any court of the county, including the federal court in the federal judicial district encompassing Wayne County, Pennsylvania, regardless of whether the federal court is physically located in the county. See Jumara, 55 F.3d at 881 (construing an arbitration provision requiring the action to transpire within a particular county to mean that the action would be permitted in any court, state or federal, with jurisdiction encompassing that county). Transfer is an available remedy because the forum selection clause, if valid and untruncated, includes a federal forum. See id. at 881-83 (applying the § 1404(a) analysis for transfer where a forum selection clause permitted any state or federal forum within a particular county).

Because transfer is the appropriate remedy, the court must then consider whether 28 U.S.C. § 1404(a) or § 1406 applies. "Section 1404(a) provides for the transfer of a case where

both the original venue and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Id. at 878. Whether venue is proper in this district is governed by the federal venue statute, 28 U.S.C. § 1391. Id.

Without considering the forum selection clause, venue is proper in the Eastern District of Pennsylvania. Neither party disputes that Defendant is subject to personal jurisdiction in this district because Defendant transacts business here. See 28 U.S.C. § 1391(c); Jumara, 55 F.3d at 878-79; Stewart, 487 U.S. at 29 n.8 ("The parties do not dispute that the District Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because respondent apparently does business [there]."); see also (Pls.' Supp. Ans. 1; Def.'s Supp. 3). This court therefore concludes that the appropriate analysis is whether the case should be transferred under § 1404(a). See Salovaara, 246 F.3d at 298-99.

### B. Transfer under 1404(a) Is Improper Because the Forum Selection Clause Is Unreasonable and Unenforceable.

Section 1404(a) controls the inquiry of whether to give effect to a forum selection clause and to transfer a case.[2] Stewart, 487 U.S. at 29, 32. Before considering the factors under Section

---

[2] Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see Stewart, 487 U.S. at 29. Courts must adjudicate motions to transfer based on an "individualized, case-by-case consideration of convenience and fairness," weighing a number of factors. Id. (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). A court's review is not limited to the three enumerated factors in § 1404(a) – convenience of the parties, convenience of witnesses, or interests of justice – and courts may consider various private and public interests. Jumara, 55 F.3d at 879-80.

The parties' agreement as to the proper forum, although not dispositive, receives

1404(a), the court first examines the validity or reasonableness of the forum selection clause through application of the test in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972).  "Where the forum selection clause is valid, which requires that there have been no 'fraud, influence, or overweening bargaining power,' the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." Jumara, 55 F.3d at 879-80 (quoting Bremen, 407 U.S. at 12-13).

A forum selection clause is unreasonable and invalid if the objecting party demonstrates that (1) the forum selection clause is the result of fraud or overreaching, (2) its enforcement would violate a strong public policy of the forum, or (3) its enforcement would result in litigation so seriously inconvenient and unreasonable that it would deprive a litigant of his or her day in court.  Bremen, 407 U.S. at 15-17; In re Diaz Contracting, Inc., 817 F.2d 1047, 1051-52 (3d Cir. 1987).

To dispose of this issue, the court need only address whether the enforcement of the forum selection clause violates a strong public policy of the forum.  Under Pennsylvania law, a clause in a contract must be conspicuous, so as to provide notice of its terms to a reasonable person.  See, e.g., 13 Pa.C.S. § 2316 (requiring that limitation of warranties terms be conspicuous); 13 Pa.C.S. § 1201 (defining "conspicuous"); Beck-Hummel v. Ski Shawnee, Inc., 2006 Pa. Super 159, P23-24 & n.12-13 (Pa. Super. Ct. 2006) (relying on the requirement for

---

"substantial consideration" in the weighing of relevant factors. Id. at 880; see Stewart, 487 U.S. at 29-30 ("The presence of a forum selection clause . . . will be a significant factor that figures centrally in the district court's calculus. . . . The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.").  The deference generally given to a plaintiff's choice of forum is "inappropriate where the plaintiff has already freely chosen an appropriate venue." Jumara, 55 F.3d at 880.

conspicuous terms in the sale of goods context in a case involving the sale of services, and finding that disclaimer language on a ski ticket was not sufficiently conspicuous to put a purchaser on notice of its contents). Plaintiffs argue that the forum selection clause contained in the signed Registration Agreement is invalid because the wording of the clause is "truncated and indiscernible." (Pls.' Reply 1.)

The court agrees that the small print of the forum selection clause in the photocopied and faxed signed Registration Agreement is blurry and illegible, and does not provide reasonable notice of its terms. The court cannot assume that Mr. Epps signed a clear version of the agreement that became blurry and illegible upon subsequently being photocopied and faxed, because such evidence is not before the court. There is no evidence that Plaintiff Ben Epps signed any version of the Registration Agreement other than the document provided to the court.

Further, even if the forum selection clause were legible, its essential term, that any cause of action be brought in Wayne County, Pennsylvania, is cut off so as to be incomprehensible. Even if legible, the term "V-- County Pennsylvania" in the forum selection clause gives no reasonable notice of the location of any agreed-upon forum.

The court concludes that the forum selection clause is inconspicuous and does not give notice of its terms to a reasonable person in violation of strong Pennsylvania public policy. The forum selection clause therefore is unreasonable, invalid, and unenforceable. Because the court finds that the forum selection clause is unreasonable and invalid, it does not address the private and public factors as transfer considerations under § 1404(a).

## V.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue is denied.

An appropriate order follows.